## PERCY DOUGHTY et al. v. STATE.

No. A-7036.   Opinion Filed Jan. 17, 1930.
Rehearing Denied Jan. 31, 1930.
(283 Pac. 1032.)

Darnell & La Rue, for plaintiffs in error.

J. Berry King, Atty. Gen., for the State.

CHAPPELL, J.   The plaintiffs in error, hereinafter called defendants, were convicted in the county court of Alfalfa county on a charge of transporting whisky,  and their punishments fixed as follows:   Percy Doughty, six months in the county jail and a fine of $500.   Ray Brown, three months in the county jail and a fine of $250.

Earl Gould, deputy sheriff of Alfalfa county, testified that on the 12th day of March, 1928, he saw the defendants together in a Ford coupe going north from the town of Cherokee; that he had a warrant for the arrest of defendant Doughty; that he followed the defendants, and overtook them about three miles north of town, near Riverside schoolhouse; that defendant Doughty threw a fruit jar out of the window of the car; that defendant Brown was driving the car, and Doughty was riding with him; that he saw whisky spilled on the floor of the car and on a mat in the car; that there was about a quart of whisky spilled on the floor of the car; that he arrested both defendants and took them back to Cherokee; that he then went back to the place where Doughty had thrown the jar out of the car window, and that the jar had contained whisky. Dare Goss, sheriff, corroborated the evidence of the witness Gould.

The defendants raise two questions: First, that the evidence is insufficient to support the verdict. The defendants were convicted of transporting liquor, and the evidence was sufficient to support the charge.

The defendant next contends that the evidence was inadmissible, for the reason that it was obtained by an illegal search of defendant Brown's car. The sheriff, having a warrant for the arrest of defendant Doughty, had a right to pursue after him for the purpose of making the arrest. Inasmuch as the defendant Brown was the owner and driver of the car, and was assisting Doughty to escape, the sheriff had a right to arrest both of the defendants, and, having arrested them, he had a right to search their persons, the car, and the place where the arrest was made, and to seize any thing which it is unlawful for the defendants to have, and which may be used in evidence

against them. Washington v. State, 37 Okla. Cr. 415, 259 Pac. 150; Callahan v. State, 42 Okla. Cr. 425, 276 Pac. 494.

The defendants being legally under arrest, the officers were authorized to make the search, and the liquor seized was properly admitted in evidence. For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.